NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES O. BONTY,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>A. HEDGPETH,<br><br>　　　　　Respondent. | No. C 09-5797 LHK (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket No. 11) |

Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a disciplinary hearing. The Court ordered Respondent to show cause why the petition should not be granted. Respondent has filed a motion to dismiss for failure to state a cognizable habeas claim. Petitioner has filed an opposition, and Respondent has filed a reply. For the reasons below, the Court GRANTS Respondent's motion to dismiss, and dismisses the petition.

**BACKGROUND**

In February 2009, Petitioner was found guilty at a disciplinary hearing of refusing to obey orders. (Petition, Ex. A.) As a result, Petitioner lost 30-days of good time credits, and placed on "C" privilege status for sixty days. (*Id.* at 3 and Ex. A.) He has filed unsuccessful state habeas petitions in California superior, appellate, and supreme courts challenging the

disciplinary hearing process. Petitioner filed the instant federal petition on December 9, 2009. He claimed that he was denied the right to present witnesses at his disciplinary hearing, in violation of his right to due process. (*Id.* at 3, 5.)

**DISCUSSION**

Respondent argues that habeas jurisdiction is absent because Petitioner's claim does not affect the duration of his confinement. (MTD at 1-2.) Specifically, asserts Respondent, Petitioner's claim, if successful, would not shorten his sentence. In response, Petitioner argues that he was also given an additional 6-points on his total classification score as part of his sentence for being found guilty of disobeying orders. (Opp. at 3.) Petitioner further argues that he cannot file a Section 1983 action because he would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Respondent replies that Petitioner still does not demonstrate that any increase in his classification score affected the duration of his confinement. (Reply at 1.)

Even assuming that Petitioner's claim is appropriate in a habeas action, Petitioner fails to allege the deprivation of a protected liberty interest. The Fourteenth Amendment entitles a prisoner to certain due process protections when he is charged with a disciplinary violation, including the right to call witnesses. *See Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974)). However, these protections only attach when the disciplinary action implicates a prisoner's protected liberty interest. *Serrano*, 345 F.3d at 1078. Without a violation of any protected liberty interest here, it matters not whether Petitioner's claim should be raised in a habeas action or civil rights complaint.

Interests protected by the Due Process Clause may arise from two sources -- the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the

inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id.* at 477-87.  Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.

In determining whether a restraint is an "atypical and significant hardship," *Sandin* suggests that courts should consider whether the challenged condition mirrored the conditions imposed on inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; the duration of the condition; the degree of restraint imposed; and whether the discipline will invariably affect the duration of the prisoner's sentence. *See Serrano*, 345 F.3d at 1078; *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003). If the deprivation is one of "real substance," *Wolff*'s procedural protections must be afforded.

Because Petitioner was sentenced to an indeterminate life sentence as a habitual offender under the Three Strikes Law (MTD at 1, Ex. 1), he did not accrue credits. *See People v. Stofle*, 45 Cal. App. 4th 417, 421 (1996).  Thus, he has no liberty interest in the loss of credits that never accrued. *Cf. Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (holding that inmates have a liberty interest in "good time" credits created by state statute and could not be deprived of them without at least minimal due process).

Further, there is no indication that there is any state statute or regulation that narrowly restricts the power of prison officials to impose the deprivations at issue here. Even assuming a statute or regulation existed to give rise to a liberty interest, the liberty in question is not one of "real substance."  After Petitioner was found guilty at his disciplinary hearing, he was sentenced to thirty-days forfeiture of credit, sixty-days "C" Privilege status, and thirty-days without property.[1]  (Opp. at 3, Ex. A.)  Being placed for sixty-days into the "C" Privilege status and

---

[1] Petitioner's disposition states, "Inmate Bonty's privilege group "C" received: No Family visits, Only 1/4 the Maximum Canteen Draw, No Telephone Calls, Limited Yard and Dayroom Access per "C" Status, No Special Purchases and No Quarterly Packages. . . Inmate Bonty is placed on Temporary loss of his appliances such as (i.e., TV, Radio, CD Player, etc.) or musical instruments, nor may he purchase any electrical entertainment or battery operated type

1  temporarily losing his property appear to be losses of privileges normally associated with the
2  basic conditions of life as a prisoner, and are "within the range of confinement to be normally
3  expected" by prison inmates.  *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 448-49 & n.3 (9th Cir.
4  2000) (concluding that prisoner had no protected liberty interest in being placed in disciplinary
5  segregation for 70 days prior to his hearing even though it limited his recreational activities,
6  received cold food, and had no pillow, among other things).  These consequences do not
7  constitute an "atypical and significant hardship" sufficient to implicate a liberty interest.
8  Therefore, Petitioner has failed to state a federal due process claim regarding his disciplinary
9  proceeding, and this action must be dismissed.

## CONCLUSION

Respondent's motion to dismiss the petition (docket no. 11) is GRANTED.  The instant petition is DISMISSED.  The Clerk shall terminate all pending motions and close the file.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons set out in the discussion above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

**IT IS SO ORDERED.**

DATED:  5/24/11

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

---

of appliances for a period of 30 days. . .) (Opp. Ex. A.)