NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MILES O. BONTY, | ) | No. C 09-5797 LHK (PR) |
| Petitioner, | ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) ) | (Docket No. 18) |
| A. HEDGPETH, | ) ) | |
| Respondent. | ) ) | |

    Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a disciplinary hearing. Petitioner's petition argued that he was denied the right to present witnesses at his disciplinary hearing, in violation of his right to due process. Respondent filed a motion to dismiss for failure to state a cognizable habeas claim. Petitioner filed an opposition, and Respondent filed a reply. On May 24, 2011, the Court granted Respondent's motion to dismiss, concluding that Petitioner did not suffer an atypical or significant hardship sufficient to achieve a protected liberty interest because although Petitioner was sentenced to a thirty-day forfeiture of credits as a result of being found guilty at the disciplinary proceeding, he did not accrue credits as a Three-Striker, and thus, he had no liberty interest in the loss of credits he never accrued. The Court concluded that Petitioner failed to state a cognizable claim, and dismissed the petition.

On July 1, 2011, Petitioner filed a motion for reconsideration. Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In the present motion, Petitioner claims that he is entitled to reconsideration based on Rule 60(b)(1). Specifically, he claims that he received "604 days of pre-sentencing credits, and 268 days of conduct credits." (Mot. for Recon. at 2.) He alleges that even though he was sentenced under the Three Strikes Law, he is still entitled to the pre-sentence credits he accrued. (*Id.*) He argues that the thirty-day credit forfeiture was applied to his pre-sentence credits, and thereby extended his prison term. (*Id.* at 3.)

Petitioner's argument is unavailing. First, the Court takes judicial notice of Petitioner's pleading in a related case, *Bonty v. Stevenson*, No. C 09-3838 LHK (PR), in which he argued that the instant credit forfeiture did not change the length of his term in prison because he was subject to a maximum indeterminate term of life. (*Bonty v. Stevenson*, No. C 09-3838 LHK (PR), Doc. No. 17 at 4 and Doc. No. 19 at 2.) *See Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969) (recognizing that courts may take judicial notice of its own records). Petitioner's concession is consistent with state law. *People v. Carpenter*, 99 Cal. App. 3d 527, 535 (1979) ("No prisoner imprisoned under a life sentence may be paroled until he has served at least seven calendar years. Thus, the good time/work time credits cannot be used to reduce the minimum eligible parole date.") (internal quotation marks omitted). Petitioner's contrary allegation in the instant action is without merit.

Second, despite Plaintiff's concession in *Bonty v. Stevenson*, No. C 09-3838 LHK (PR), that the thirty-day forfeiture did not affect the duration of his confinement, Plaintiff's current argument that the prison forfeited his pre-sentence credits is untenable. California state law is clear that any pre-sentence credits earned could not be forfeited through poor post-sentence behavior. *See In re Thomas*, 132 Cal. App. 3d 779, 782 (1982) ("In-prison good behavior and

1  participation credit bestowed by Penal Code section 2931 is subject to loss by poor behavior
2  (Pen. Code, § 2932), but pre-delivery credits are not subject to such loss.") (internal quotation
3  marks omitted); *cf. People v. Buckhalter*, 26 Cal. 4th 20, 30-34 (2001) (discussing differences
4  between pre-sentence and post-sentence credits).

Accordingly, Petitioner's motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

DATED:   8/4/11

_____
LUCY H. KOH
United States District Judge